```
FILED ____ LODGED
____ RECEIVED ____ COPY

OCT 2 5 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY
```

**REDACTED FOR PUBLIC DISCLOSURE**

GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON SANTOME
Assistant United States Attorney
Arizona State Bar No. 031263
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: addison.santome@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Omar Molina-Galeana,<br>    a.k.a. "PINGOmar"<br>    (Count 1)<br><br>2. Ernesto Javier Lizarraga,<br>    (Counts 1–17)<br><br>3. Jesus Guerrero,<br>    a.k.a. "Chuey", "Chuy"<br>    (Counts 1, 18, 25–45, 52)<br><br>4. Richard Montijo,<br>    (Counts 1, 18)<br><br>5. Israel Francisco Lopez,<br>    a.k.a. "Doofy"<br>    (Counts 1, 19–22)<br><br>6. Ianira Gonzalez,<br>    (Counts 1, 23–24)<br><br>7. Kai San Diego,<br>    (Counts 1, 25–34)<br><br>8. Issac Allen Guerrero,<br>    (Counts 1, 35–45)<br><br>9. Israel De La Vega,<br>    (Counts 1, 46–52) | No. CR-22-00318-PHX-DGC (ESW)<br><br>**SUPERSEDING INDICTMENT**<br><br>VIO:  18 U.S.C. § 371<br>(Conspiracy)<br>Count 1<br><br>18 U.S.C. § 924(a)(1)(A)<br>(False Statement During the Purchase of a Firearm)<br>Counts 2–9, 19–20, 25–26, and 46–49<br><br>18 U.S.C. §§ 922(a)(6) and 924(a)(2)<br>(Material False Statement During the Purchase of a Firearm)<br>Counts 10–18, 21–45, and 50–63<br><br>18 U.S.C. § 2<br>(Aid and Abet)<br>Counts 18, 25–45, and 52<br><br>18 U.S.C. §§ 924(d) and 981,<br>21 U.S.C. §§ 853 and 881; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

10. Samuel Ledezma Castillo,
    (Counts 1, 53-57)

11. Joslyne Maria Lopez,
    (Counts 1, 58-63)

Defendants.

**THE GRAND JURY CHARGES:**

### COUNT 1

Between on or about November 3, 2021 and April 14, 2022, in the District of Arizona and elsewhere, Defendants OMAR MOLINA-GALEANA, ERNESTO JAVIER LIZARRAGA, JESUS GUERRERO, RICHARD MONTIJO, ISRAEL FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA, SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit offenses against the United States, that is: (a) to knowingly make false statements or representations to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, pertaining to information that the law requires the licensed dealer to keep, in violation of Title 18, United States Code, Section 924(a)(1)(A); and (b) in connection with the acquisition of a firearm from a dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, to knowingly make a false and fictitious written statement to the dealer of firearms, which statement was intended and likely to deceive the dealer of firearms as to a fact material to the lawfulness of such sale, in that the purchaser of the firearm stated that he/she was the actual transferee/buyer of the firearm when in fact he/she was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**Purpose of the Conspiracy**

The purpose of this conspiracy was to obtain firearms from a licensed dealer of firearms by means of knowing false statements and representations that concealed the

identity of the true purchaser of the firearm(s) from the records the dealer was required to maintain.

**The Means and Methods of the Conspiracy**

The means and methods employed by Defendants OMAR MOLINA-GALEANA, ERNESTO JAVIER LIZARRAGA, JESUS GUERRERO, RICHARD MONTIJO, ISRAEL FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA, SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that Defendants ERNESTO JAVIER LIZARRAGA, RICHARD MONTIJO, ISRAEL FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA, SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ would purchase firearms in the District of Arizona with the intention to provide them to Defendant OMAR MOLINA-GALEANA.

It was a further part of the conspiracy that Defendants ERNESTO JAVIER LIZARRAGA, RICHARD MONTIJO, ISRAEL FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA, SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ would make false statements and representations on the ATF Form 4473 regarding the actual purchaser/buyer of each of the firearms.

It was a further part of the conspiracy that Defendants ERNESTO JAVIER LIZARRAGA, ISRAEL FRANCISCO LOPEZ, ISSAC ALLEN GUERRERO, and ISRAEL DE LA VEGA would make false statements and representations on the ATF Form 4473 regarding their true address.

It was a further part of the conspiracy that Defendants OMAR MOLINA-GALEANA and JESUS GUERRERO would provide directions to Defendants ERNESTO JAVIER LIZARRAGA, RICHARD MONTIJO, ISRAEL FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA,

SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ as to which firearms to purchase.

It was further part of the conspiracy that Defendants ERNESTO JAVIER LIZARRAGA, RICHARD MONTIJO, ISRAEL FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA, SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ, who purchased the firearm(s), would be compensated monetarily for his/her actions by Defendant OMAR MOLINA-GALEANA either personally or through Defendant JESUS GUERRERO upon delivery of the firearm(s).

It was further part of the conspiracy that Defendant JESUS GUERRERO would recruit members to join the conspiracy to purchase firearms for Defendant OMAR MOLINA-GALEANA.

It was further part of the conspiracy that Defendant JESUS GUERRERO would shepherd the purchases made by Defendants RICHARD MONTIJO, ISRAEL FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA, SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ for Defendant OMAR MOLINA-GALEANA.

It was a further part of the conspiracy that all of the acts of acquiring, obtaining, selling, purchasing, and transporting the firearms involved in the conspiracy were undertaken by all of the co-conspirators with the knowledge and intent that the firearms involved in the conspiracy would be provided to Defendant OMAR MOLINA-GALEANA.

**Overt Acts**

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

Between on or about November 3, 2021 and April 14, 2022, Defendant OMAR MOLINA-GALEANA and JESUS GUERRERO knowingly induced and procured Defendants ERNESTO JAVIER LIZARRAGA, RICHARD MONTIJO, ISRAEL

FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA, SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ to make false statements and representations to a business located in the District of Arizona and licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of that business.

On eight (8) separate occasions during the procurement of a total of eight (8) firearms, Defendant ERNESTO JAVIER LIZARRAGA completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

On one (1) occasion during the procurement of a total of two (2) firearms, Defendant RICHARD MONTIJO completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

On two (2) separate occasions during the procurement of a total of two (2) firearms, Defendant ISRAEL FRANCISCO LOPEZ completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

On two (2) separate occasions during the procurement of a total of two (2) firearms, Defendant IANIRA GONZALEZ completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

On ten (10) separate occasions during the procurement of a total of ten (10) firearms, Defendant KAI SAN DIEGO completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

On eleven (11) separate occasions during the procurement of a total of ten (10) firearms, Defendant ISSAC ALLEN GUERRERO completed a Department of Justice,

Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

On three (3) separate occasions during the procurement of a total of three (3) firearms, Defendant ISRAEL DE LA VEGA completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

On five (5) separate occasions during the procurement of a total of five (5) firearms, Defendant SAMUEL LEDEZMA CASTILLO completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that he knew to be false.

On six (6) separate occasions during the procurement of a total of five (5) firearms, Defendant JOSLYNE MARIE LOPEZ completed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, containing statements or representations that she knew to be false.

At Defendant OMAR MOLINA-GALEANA's direction and Defendant JESUS GUERRERO's supervision, Defendants ERNESTO JAVIER LIZARRAGA, RICHARD MONTIJO, ISRAEL FRANCISCO LOPEZ, IANIRA GONZALEZ, KAI SAN DIEGO, ISSAC ALLEN GUERRERO, ISRAEL DE LA VEGA, SAMUEL LEDEZMA CASTILLO, and JOSLYNE MARIA LOPEZ provided all firearms to Defendant OMAR MOLINA-GALEANA.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 – 9

On or about the dates listed below, in the District of Arizona, Defendant ERNESTO JAVIER LIZARRAGA knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ERNESTO JAVIER LIZARRAGA did execute a Department of Justice,

Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below, stating that Defendant ERNESTO JAVIER LIZARRAGA resided at an address in Somerton, Arizona, whereas in truth and fact, Defendant ERNESTO JAVIER LIZARRAGA knew that he resided at a different address:

| Count | Date | Location |
| --- | --- | --- |
| 2 | 11/3/2021 | Jones & Jones (Somerton) |
| 3 | 11/9/2021 | Jones & Jones (Somerton) |
| 4 | 11/24/2021 | Jones & Jones (Somerton) |
| 5 | 11/30/2021 | Jones & Jones (Somerton) |
| 6 | 12/4/2021 | Jones & Jones (Somerton) |
| 7 | 12/6/2021 | Jones & Jones (Somerton) |
| 8 | 12/11/2021 | Jones & Jones (Somerton) |
| 9 | 12/14/2021 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNTS 10 – 17

On or about the dates listed below, in the District of Arizona, Defendant ERNESTO JAVIER LIZARRAGA knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ERNESTO JAVIER LIZARRAGA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
|---|---|---|
| 10 | 11/3/2021 | Jones & Jones (Somerton) |
| 11 | 11/9/2021 | Jones & Jones (Somerton) |
| 12 | 11/24/2021 | Jones & Jones (Somerton) |
| 13 | 11/30/2021 | Jones & Jones (Somerton) |
| 14 | 12/4/2021 | Jones & Jones (Somerton) |
| 15 | 12/6/2021 | Jones & Jones (Somerton) |
| 16 | 12/11/2021 | Jones & Jones (Somerton) |
| 17 | 12/14/2021 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

### COUNT 18

On or about April 1, 2022, in the District of Arizona, Defendant JESUS GUERRERO aided and abetted Defendant RICHARD MONTIJO, who knowingly made false statements and representations in connection with the acquisition of a firearm which were intended and likely to deceive Jones & Jones, a federal firearms licensee licensed under the provisions of Chapter 44 of Title 18, United States Code, as to a fact material to the lawfulness of a sale of a firearm by the business, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones & Jones, in that Defendant RICHARD MONTJO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

### COUNTS 19 – 20

On or about the dates listed below, in the District of Arizona, Defendant ISRAEL FRANCISCO LOPEZ knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of

Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ISRAEL FRANCISCO LOPEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below, stating that Defendant ISRAEL FRANCISCO LOPEZ resided at an address on 7th Avenue in Yuma, Arizona, whereas in truth and fact, Defendant ISRAEL FRANCISCO LOPEZ knew that he resided at a different address:

| Count | Date | Location |
|---|---|---|
| 19 | 2/23/2022 | Jones & Jones (Somerton) |
| 20 | 2/24/2022 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

### COUNTS 21 – 22

On or about the dates listed below, in the District of Arizona, Defendant ISRAEL FRANCISCO LOPEZ knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ISRAEL FRANCISCO LOPEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
|---|---|---|
| 21 | 2/23/2022 | Jones & Jones (Somerton) |
| 22 | 2/24/2022 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNTS 23 – 24

On or about the dates listed below, in the District of Arizona, Defendant IANIRA GONZALEZ knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant IANIRA GONZALEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating she was the actual transferee/buyer, whereas in truth in fact, she was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
|---|---|---|
| 23 | 12/9/2021 | Jones & Jones (Somerton) |
| 24 | 3/3/2022 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNTS 25 – 34

On or about the dates listed below, in the District of Arizona, Defendant JESUS GUERRERO aided and abetted Defendant KAI SAN DIEGO, who knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant KAI SAN DIEGO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives

Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
|---|---|---|
| 25 | 11/10/2021 | Jones & Jones (Somerton) |
| 26 | 11/20/2021 | Jones & Jones (Somerton) |
| 27 | 12/3/2021 | Jones & Jones (Somerton) |
| 28 | 12/10/2021 | Jones & Jones (Somerton) |
| 29 | 12/18/2021 | Jones & Jones (Somerton) |
| 30 | 1/14/2022 | CAL Ranch (Yuma) |
| 31 | 2/7/2022 | CAL Ranch (Yuma) |
| 32 | 2/11/2022 | Jones & Jones (Somerton) |
| 33 | 2/28/2022 | Sportsman's Warehouse (Yuma) |
| 34 | 3/20/2022 | Firearms Unknown (Yuma) |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

### COUNTS 35 – 45

On or about the dates listed below, in the District of Arizona, Defendant JESUS GUERRERO aided and abetted Defendant ISSAC ALLEN GUERRERO, who knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ISSAC ALLEN GUERRERO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below

stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
|---|---|---|
| 35 | 1/15/2022 | CAL Ranch (Yuma) |
| 36 | 1/18/2022 | Jones & Jones (Somerton) |
| 37 | 1/19/2022 | Sprague's Sports (Yuma) |
| 38 | 2/7/2022 | CAL Ranch (Yuma) |
| 39 | 2/11/2022 | Jones & Jones (Somerton) |
| 40 | 2/14/2022 | CAL Ranch (Yuma) |
| 41 | 2/18/2022 | Jones & Jones (Somerton) |
| 42 | 2/22/2022 | Jones & Jones (Somerton) |
| 43 | 2/24/2022 | Jones & Jones (Somerton) |
| 44 | 3/28/2022 | Jones & Jones (Somerton) |
| 45 | 4/19/2022 | CAL Ranch (Yuma) |

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

### COUNTS 46 – 49

On or about the dates listed below, in the District of Arizona, Defendant ISRAEL DE LA VEGA knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ISRAEL DE LA VEGA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below, stating that Defendant ISRAEL DE LA VEGA resided at an address in Somerton, Arizona, whereas in truth and fact, Defendant ISRAEL DE LA VEGA knew that he resided at a different address:

| Count | Date | Location |
|---|---|---|
| 46 | 2/21/2022 | Jones & Jones (Somerton) |
| 47 | 2/26/2022 | Jones & Jones (Somerton) |
| 48 | 3/3/2022 | Sprague's Sports (Yuma) |
| 49 | 3/21/2022 | CAL Ranch (Yuma) |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## COUNTS 50 – 51

On or about the dates listed below, in the District of Arizona, Defendant ISRAEL DE LA VEGA knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ISRAEL DE LA VEGA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
|---|---|---|
| 50 | 2/21/2022 | Jones & Jones (Somerton) |
| 51 | 2/26/2022 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 52

On or about March 3, 2022, in the District of Arizona, Defendant JESUS GUERRERO aided and abetted Defendant ISRAEL DE LA VEGA, who knowingly made false statements and representations in connection with the acquisition of a firearm which

were intended and likely to deceive Sprague's Sports, a federal firearms licensee licensed under the provisions of Chapter 44 of Title 18, United States Code, as to a fact material to the lawfulness of a sale of a firearm by the business, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Sprague's Sports, in that Defendant ISRAEL DE LA VEGA did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

### COUNTS 53 – 57

On or about the dates listed below, in the District of Arizona, Defendant SAMUEL LEDEZMA CASTILLO knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant SAMUEL LEDEZMA CASTILLO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual transferee/buyer, whereas in truth in fact, he was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
|---|---|---|
| 53 | 11/9/2021 | Jones & Jones (Somerton) |
| 54 | 11/24/2021 | Jones & Jones (Somerton) |
| 55 | 11/26/2021 | Jones & Jones (Somerton) |
| 56 | 11/29/2021 | Jones & Jones (Somerton) |

| 57 | 12/2/2021 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNTS 58 – 63

On or about the dates listed below, in the District of Arizona, Defendant JOSLYNE MARIE LOPEZ knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant JOSLYNE MARIE LOPEZ did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating she was the actual transferee/buyer, whereas in truth in fact, she was purchasing the firearms on behalf of Defendant OMAR MOLINA-GALEANA:

| Count | Date | Location |
|---|---|---|
| 58 | 2/14/2022 | CAL Ranch (Yuma) |
| 59 | 2/18/2022 | Jones & Jones (Somerton) |
| 60 | 2/22/2022 | Jones & Jones (Somerton) |
| 61 | 2/24/2022 | Jones & Jones (Somerton) |
| 62 | 2/28/2022 | Sportsman's Warehouse (Yuma) |
| 63 | 3/28/2022 | Jones & Jones (Somerton) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 63 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1 through 63 of this Indictment, the Defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the Defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the Defendants are liable, including, but not limited to, the following property involved and used in the offense:

(1) One Inter Arms, Sporter 7.62x39 Rifle, Serial Number PAC1163571;

(2) One Century Arms, BFT-47, 7.62X39mm rifle, serial number BFT47005100; and

(3) One Century Arms, AK-47, 7.62X39mm rifle, serial number SV7114587.

If any forfeitable property, as a result of any act or omission of the Defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said Defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

//
//
//
//
//
//
//

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*S/*

_____
FOREPERSON OF THE GRAND JURY
Date: October 25, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

*S/*

_____
ADDISON SANTOME
Assistant U.S. Attorney